UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MINDY JOSLIN,**

   **Plaintiff,**

v.                Case No.

**JEREL JOHNSON, an Individual, and CORNELL COMMUNICATIONS, INC., a Foreign corporation,**

   **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MINDY JOSLIN, hereby sues Defendants, CORNELL COMMUNICATIONS (hereafter "Defendant Cornell") and JEREL JOHNSON, an Individual ("Defendant Johnson"), and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff seeks an award of compensatory and punitive damages against Defendants based upon tortious conduct and employment discrimination against Plaintiff in violation of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e et seq. Defendants committed the common law tort of assault and battery upon Plaintiff's person during a business trip to Washington D.C. to promote and market Defendant Cornell's "rapid assistance" communication

-1-

products.

2. Subject matter jurisdiction over this action is based upon (1) diversity of citizenship between Plaintiff and Defendants; (2) the existence of federal question jurisdiction based on Title VII claims that arise under federal law; and (3) supplemental jurisdiction over state law claims. The federal statutes conferring original subject matter jurisdiction over this action are 28 U.S.C. 1331, 1332 &§ 1367.

3. At all times material to this action, Plaintiff was a citizen of Sarasota County, Florida; Defendant Cornell was and is registered and organized under the laws of Wisconsin and had its principal place of business in Milwaukee, WI; and Defendant Johnson was a citizen of Wisconsin even though he regularly travels to Florida and spends winter months in Sarasota, Florida.

4. Defendant Cornell manufacturers and sells rapid assistance communication devices to citizens of Florida and other states. Such sales are continuous and systematic. Plaintiff was hired to direct Defendant Cornell's sales activities from her home in Sarasota, Florida. Defendant Johnson first met Plaintiff in Florida during one of his regular trips to Florida.

5. Defendants Cornell and Johnson are subject to general and specific personal jurisdiction in this Court under Section 48.193, Florida Statutes. Plaintiff's causes of action under Title VII against Defendant Cornell arose from

Defendants' continued employment of Plaintiff in the State of Florida as a permanent employee working remotely. Defendant Johnson also works for Cornell from Florida during Defendant Johnson's regular visits and travel to Florida.

6. Defendant Johnson first met Plaintiff in Sarasota, Florida, and personally recruited Plaintiff to join and accept employment with Defendant Cornell as its National Sales Manager through correspondence dated April 10, 2022 addressed to Plaintiff at her permanent residence at 201 South Palm Avenue, Sarasota FL 34236.

7. Defendant Johnson first met Plaintiff and her family members in Sarasota, Florida. They met in person at an upscale apartment complex located at 201 South Palm Avenue where both were living. Defendant Johnson spends winter months in Florida as a snowbird on an annual basis. While temporarily residing in Florida annually, Defendant Johnson performs his role as President and CEO of Defendant Cornell.

8. Defendant Johnson envisioned that Plaintiff could successfully work for Defendant Cornell from her home in Sarasota, Florida.

9. Defendants Johnson and Cornell purposefully availed themselves of the benefits and protections of Florida law by recruiting Plaintiff, a Florida citizen, to work remotely for Defendant Cornell.

10. In recruiting Plaintiff to work remotely for Cornell – a person whom he had met and grew to know in Florida – Defendant Johnson foresaw a regular and predictable business and employment relationship with Plaintiff, a talented and personable and confidential sales manager with excellent communication and marketing abilities. Defendant Johnson evaluated Plaintiff's potential as a future employee of Defendant Cornell during one of his annual periods of temporary residence in Sarasota.

11. Defendant Cornell routinely sells rapid assistance communication devices in Florida where it has sales channels and an active senior customer base.

12. Prior to filing this action, Plaintiff timely filed EEOC Charge No. 511-2023-00729 and received upon request a right to sue letter from the EEOC.

13. Venue is appropriate in the Middle District of Florida under Title VII as the place Plaintiff was and would be working if the employment discrimination of which Plaintiff complains had not taken place.

## FACTUAL ALLEGATIONS

14. Defendant Johnson is the founder, owner, and chief executive officer of Defendant Cornell. Among his regular duties include routine and regular travel in connection with the marketing and sales promotion activities for Defendant Cornell.

15. On September 15, 2022, Plaintiff and Defendant Johnson were attending at a pre-planned sales convention in or around Washington D.C. to market and promote Defendant Cornell's rapid assistance communication devices.

16. During the convention, Defendant Johnson physically touched Plaintiff's body and made unwanted contact with her genital area. This assault occurred in the bar of the Renaissance Hotel in Washington DC. The assault occurred while Defendant Johnson and Plaintiff were discussing and exchanging feedback on the convention. The interaction within the bar would have been expected by Defendant Johnson as a part of a regular workday function during a business oriented convention.

17. The assault and battery upon Plaintiff by Defendant Johnson was sexually motivated. Defendant Johnson was acting in the course and scope of his employment with Defendant Cornell as an attendee at the convention and during his interactions with Plaintiff in the bar where other attendees of the convention could be expected to visit for a drink. Entertaining vendors or potential distributors and other conference attendees is part of the duties of Defendant Johnson.

18. The incident transformed a productive employment relationship into a sexually hostile work environment which was created by Defendants with

knowledge that Plaintiff would carry the effects of the sexual harassment into Florida.

19. Any interaction with Defendants upon Plaintiff's return to Florida and resumption of her duties instantly thrust Plaintiff into a state of fright and shock. Continued employment after the battery inflicted emotional anguish and terror upon Plaintiff, especially knowing that a major part of her job was traveling with Defendant Johnson to market and promote Defendant Cornell's products.

20. Plaintiff also recoiled after the battery because Defendant Johnson expected to interact with Plaintiff during his regular visits to Florida multiple times a year.

21. In the offer letter dated April 10, 2022 and signed by Defendant Johnson on Defendant Cornell's letterhead, it was acknowledged that Plaintiff was to work from her home in Florida and attend meetings with other employees of Defendant Cornell virtually "via Zoom or other technology."

22. As a result of the battery, Plaintiff informed Defendant Cornell of her need for an indefinite leave of absence and reported the sexually motivated hostile work environment.

23. Defendants immediately retained counsel to communicate with Plaintiff's undersigned Florida counsel and vigorously challenged Plaintiff's

credibility even though Plaintiff provided a witness' account of the battery.

24. The sexually hostile work environment created by Defendant Johnson persisted for months after the incident and has prevented her from continuing to work with Defendant Johnson as a national sales manager due to the need for constant interaction and travel with Defendant Cornell.

25. Plaintiff was actually and constructively discharged by Defendants when Plaintiff's leave and compensation were terminated.

### COUNT I - CIVIL BATTERY AGAINST DEFENDANT JOHNSON

26. Plaintiff realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendant Johnson's unwelcome touching of Plaintiff on her body and genitals caused Plaintiff to suffer harm and extreme emotional distress.

28. Plaintiff was and continues to feel upset, embarrassed, humiliated and traumatized by Defendant Johnson's offensive touching.

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding compensatory and punitive damages to be determined by a jury.

### COUNT II - CIVIL BATTERY AGAINST DEFENDANT CORNELL

29. Plaintiff realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

30. In effectuating his sexually motivated battery of a subordinate

female employee over whom he has absolute authority, Defendant Johnson was aided by his status and agency relationship with Defendant Cornell as its owner and president of Defendant Cornell and as its alter ego with ultimate and direct control over Plaintiff's duties.

31. The work relationship between Plaintiff and Defendant Cornell required Plaintiff to work and interact in close proximity with Defendant Johnson.

32. Defendant Cornell is vicariously liable for Defendant Johnson's battery of Plaintiff.

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding compensatory and punitive damages to be determined by a jury.

### COUNT III - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST DEFENDANT CORNELL
**(Sexually Hostile Work Environment and Constructive Discharge)**

33. Plaintiff realleges paragraphs 1 through 25 of the Complaint as if fully set forth herein.

34. Defendant Cornell is an employer under Title VII.

35. Defendant Cornell, through its alter ego, Defendant Johnson, sexually harassed and committed a sexually motivated battery upon Plaintiff on September 15, 2022 and created a hostile work environment which was maintained after Plaintiff returned to Florida.

36. The sexual assault on September 15, 2022 was severe and motivated by Plaintiff's sex.

37. Defendant Johnson exploited Plaintiff's mandatory attendance at the sales conference and chose a secluded location to carry out the sexual harassment.

38. Defendant Cornell is directly and vicariously liable for the sexual harassment suffered by Plaintiff based on Defendant Johnson's undeniable status as its alter ego.

39. Defendant Johnson was aided in carrying out the sexual harassment by his agency relationship with Defendant Cornell.

40. The sexual assault negatively impacted Plaintiff's ability to function as an employee of Defendant Cornell.

41. Plaintiff experienced estrangement and ostracism due to Defendant Johnson's dominance over Defendant Cornell.

42. Defendant Cornell caused Plaintiff to suffer loss of wages and benefits, past and future emotional distress, shame, fright, shock, embarrassment, humiliation, fear, and anger.

43. Defendants' sexually hostile acts resulted in Plaintiff's actual and constructive discharge due to the debilitating effects of the sexual harassment and hostile work environment on Plaintiff's ability to perform work for

Defendant Cornell.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a judgment requiring Defendant Cornell to pay to Plaintiff back-pay, front-pay, compensatory damages and punitive damages in an amount to be proved at trial, prejudgment interest thereon, and costs and attorney's fees under Title VII, 42 U.S.C. § 2000e et al.

### COUNT IV - TITLE VII OF THE CIVIL RIGHT ACT OF 1964 AGAINST DEFENDANT CORNELL
**(Retaliation)**

44. Plaintiff realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

45. Defendant Cornell is an employer under Title VII.

46. Plaintiff engaged in opposition to the sexual harassment by reporting the same to Defendant Johnson as the owner and president of Defendant Cornell.

47. Defendant Cornell retaliated against Plaintiff by attacking her credibility, denying her an appropriate leave of absence, and refusing to pay wages and other benefits during recovery from the sexually motivated battery.

48. Defendant Cornell's retaliation resulted in materially adverse actions including a refusal to pay wages and benefits

49. Defendant Cornell discharged Plaintiff from employment prior to the

filing of this action.

**WHEREFORE**, Plaintiff requests this Honorable Court to grant a judgment requiring Defendant Cornell to pay to Plaintiff lost-wages, front-pay, compensatory damages and punitive damages in an amount to be proved at trial, prejudgment interest thereon, and costs and attorney's fees under Title VII, 42 U.S.C. § 2000e et al.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all claims so triable.

/s/ Craig L. Berman

Craig L. Berman
Fla. Bar No. 068977
BERMAN LAW FIRM, P.A.
111 Second Avenue NE, Suite 706
St. Petersburg, FL 33701
727-550-8989
craig@bermanlawpa.com

**ATTORNEY FOR PLAINTIFF**